# Exhibit A

State Court Pleadings

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF LEXINGTON | ) | **COPY** |
| ERNESTINE BRISCO | ) | FILED CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | 2008 NOV 26 P 4: 26 -CP- |
| vs. | ) | BETH A. CARRIGG<br>CLERK OF COURT<br>LEXINGTON SC |
| COUNTRYWIDE HOME LOANS, INC., D/B/A COUNTRYWIDE FULL SPECTRUM LENDING AND LAND OPTIONS, INC., | ) | |
| Defendant(s) | ) | **2008CP3204949** |

| (Please Print) | | |
|---|---|---|
| Submitted By: Dave Maxfield | SC Bar #: | 7163 |
| Address: 1701 Richland St., Columbia, SC 29201 | Telephone #: | 803-799-6000 |
| | Fax #: | 803-799-6947 |
| | Other: | |
| | E-mail: | dave@trotterandmaxfield.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

- [x] JURY TRIAL demanded in complaint.
- [ ] NON-JURY TRIAL demanded in complaint.
- [ ] This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- [x] This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- [ ] This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Notice/ File Med Mal (230) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | ☐ Other (299) | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| | ☐ Transcript Judgment (740) | ☐ Forfeiture-Petition (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Forfeiture– Consent Order (850) | ☐ SCDOT (950) |
| | ☐ Other (799) | ☐ Other (899) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Administrative Law Judge (980) |
| | | | ☐ Public Service Commission (990) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☒ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | | |
| ☐ Other (699) | ☐ Sexual Predator (510) | | |

**Submitting Party Signature:** _[signature]_                               Date: __11/26/2008__

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY

Allendale, Anderson, Beaufort, Colleton, Florence, Greenville,
Hampton, Horry, Jasper, Lexington, Pickens (Family Court Only), and Richland

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| | ELEVENTH JUDICIAL CIRCUIT |
| COUNTY OF LEXINGTON | |
| | Case No. |
| Ernestine Brisco, | FILED 2008 NOV 26 P 4: 26 |
| Plaintiff, | BETH A. CARRIGG  **SUMMONS** |
| | CLERK OF COURT |
| Vs. | LEXINGTON SC |
| Countrywide Home Loans, Inc d/b/a Countrywide Full Spectrum Lending, and Land Options, Inc. | **2008CP3204949** |
| Defendants. | |

TO: The Defendants above named:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is hereby served upon you, and to serve a copy of your Answer to said Complaint on the subscriber, Dave Maxfield, Esquire, 1701 Richland Street, Columbia, South Carolina, 29201, within THIRTY (30) DAYS after the service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

TROTTER & MAXFIELD, ATTORNEYS

By: _____
Dave Maxfield, Esquire
1701 Richland Street
Columbia, South Carolina
(803) 799-6000

DATED: November 25, 2008

1



STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) ELEVENTH JUDICIAL CIRCUIT
COUNTY OF LEXINGTON )
) Case No.
Ernestine Brisco, )
)
Plaintiff, )
) **COMPLAINT**
Vs. )
) **(Jury Trial Requested)**
)
Countrywide Home Loans, Inc d/b/a )
Countrywide Full Spectrum Lending, )
and Land Options, Inc. )
) 2008CP3204949
Defendants. )

Plaintiff, complaining of the Defendants above-named, would show this Court as follows:

## JURISDICTION

1. The State of Residence of Plaintiff is the State of South Carolina.

2. Upon information and belief, Defendant Countrywide Home Loans, Inc., d/b/a Countrywide Full Spectrum Lending ("Countrywide") is a wholly-owned subsidiary of Bank of America Corporation. Said Defendant transacts business in Lexington County and having property interests in the state of South Carolina.

3. Upon information and belief, Defendant Land Options, Inc. ("Land Options") is a corporation headquartered in the State of Pennsylvania, but transacting business in Lexington County, South Carolina.

4. At all times herein mentioned, Defendant Land Options, as well as the attorney employed to conduct the closing, was the agent or apparent

2

agent of Defendant Countrywide; further, the transaction described below was a joint venture between all Defendants herein.

5. The proper venue for this action is Lexington County. This Court has jurisdiction over the parties and subject matter of this action.

## FACTUAL ALLEGATIONS

6. Plaintiff Ernestine Brisco was born on August 5, 1940. She is 68 years old, widowed, and living off a fixed income.

7. Plaintiff's income consists of her monthly social security benefits, which are approximately $1442.00, and a $449.00 pension of which she nets approximately $375 per month.

8. Plaintiff is the sole owner of a house and land located at 109 Merowey Court in Chapin, SC, which she purchased for $106,000 in 2005. Plaintiff's initial purchase transaction involved a $10,000.00 down payment on the subject home. The remaining balance was financed at 6% fixed APR, over 30 years, through Midlands Mortgage. Plaintiff's total monthly payment on this loan was $752.00 including taxes and insurance.

9. Shortly after the making of the aforementioned loan, the mortgage and servicing rights were assigned to Defendant Countrywide.

10. In or around 2006, Plaintiff communicated with Defendant Countrywide concerning a Home Equity Line of Credit (HELOC). Defendant Countrywide's representatives represented to Plaintiff that

she "did not qualify" for a HELOC but that Countywide could nevertheless offer to fully refinance Plaintiff's home.

11. Shortly thereafter, Plaintiff was solicited by Defendant Countrywide or its agents, who offered to refinance or arrange for the refinancing of Plaintiff's existing first mortgage. Defendant's representatives made various claims concerning the benefits of the refinancing proposed, upon which Plaintiff relied.

12. Pursuant to Defendant Countrywide's solicitation, Countrywide obtained a mortgage application and an appraisal of the subject home. Despite the fact that the Plaintiff had purchased her home the year before for $106,000.00 the house appraised for $125,000.00.

13. Upon information and belief, the appraisal was inflated and fraudulent.

14. In addition to the forgoing, Plaintiff later learned that Defendant Countrywide or its agents had falsely exaggerated her income on the loan application.

15. On or about October 24, 2006, a "closing" was held by Defendants. Upon information and belief the closing was held at the home of the Plaintiff, with an attorney not selected by the Plaintiff. The closing and all associated documents were witnessed by the attorney and a woman he identified as his wife.

16. Plaintiff was unfamiliar with the attorney, and her preference as to an attorney for a closing had not been ascertained prior to the closing, in violation of South Carolina law.

17. In fact, without Plaintiff's knowledge or consent, the actual legal work incident to the closing was not performed by the attorney at all, but by Defendant Land Options, which was not a licensed attorney as required by South Carolina Law, but which nevertheless charged Plaintiff fees for services which could only be lawfully provided by an attorney.

18. Additionally, charges which appeared upon the HUD statement appeared to be inflated and/or inaccurate, to the benefit of the Defendants and detriment of the Plaintiff.

19. As a result of the above transaction, Defendants placed Plaintiff into a new loan of $118,159.94, on a 40 year term, at a rate which could adjust following the initial two-year fixed period, to an APR as high as 14.750%).

20. Even at the initial fixed rate, Plaintiff's new monthly mortgage payment was $1,030.59 inclusive of taxes and insurance, which represented a $278.00 increase over her prior payments, and which amounted to 56% of her income; upon the rate increase, the payments could become equal or greater to Plaintiff's total income.

21. Plaintiff will be 106 years old at the scheduled maturity of the loan.

22. The above transaction occurred within approximately 9 months of the original financing. Upon information and belief, the above transaction was made with the intention of enriching the Defendants, at the expense of the Plaintiff, with no net tangible benefit to the Plaintiff.

## FOR A FIRST CAUSE OF ACTION

### (Violation of S.C. Consumer Protection Code)

23. The allegations contained hereinabove are repeated as if fully alleged herein verbatim.

24. This action is instituted against Defendants for multiple violations of the South Carolina Consumer Protection Code, §37-5-203, et.seq. as well as the South Carolina High Cost Consumer Loans Act, §37-23-10, et. Seq. incorporated therein.

25. The loans referenced above were closed-end consumer transaction, and is a consumer loan, as well as a High Cost Consumer Loan as defined in the foregoing code sections.

26. The loans were for the refinancing of the borrower's principal dwelling, and were secured by the borrower's principal dwelling.

27. Defendants failed to give disclosures required three days prior to the consummation of the transaction.

28. Defendants arranged for and/or extended credit to Plaintiff without regard to Plaintiff's ability to pay.

29. Defendants arranged for and/or extended to credit from which Plaintiff could not receive, and did not receive, any tangible net benefit, and refinanced Plaintiff's existing first mortgage within 42 months of its making.

30. Defendants, while regularly engaged in the making of consumer loans, or arranging consumer loans, falsely disclosed the annual

6

percentage rate of the loan in violation of Regulation Z or, and/or attempted to make or made additional charges prohibited by the S.C. Consumer Protection Code.

31. Defendants inflated and/or misdisclosed charges due in connection with the loans, and thereby misdisclosed the rate of interest on the loan.

32. Each of the foregoing acts constitutes a separate and distinct violation, entitling Plaintiff to statutory damages, as well as actual damages, attorney's fees, and the costs of this action. Additionally, Plaintiff is entitled to "enhanced damages" for Defendants' material violations of disclosure portions of the act, including the refund of all finance charges and fees.

33. Plaintiff is also informed and believes she is entitled to an order of this court modifying or rewriting the loan agreements to eliminate unlawful or unconscionable terms of the agreements, awarding the total amount of the loans' cumulative finance charges, and allowing repayment of the loans without any finance charges.

## FOR A SECOND CAUSE OF ACTION

### (Unfair Trade Practices)

34. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.

35. The activities of the Defendants constitute "trade or commerce" as defined by South Carolina Code Section 39-5-10, et.seq., (as amended).

36. The actions of the Defendants, above-described, constitute unfair and deceptive acts and practices in the conduct of trade and commerce, as prohibited by the South Carolina Unfair Trade Practices Act, 39-5-10 et.seq., and are willful violations thereof.

37. The actions of the Defendants have a real and substantial potential for repetition and affect the public interest.

38. The Plaintiff has suffered an ascertainable loss due to the unlawful actions of the Defendants, entitling Plaintiff to recover actual damages in an amount to be proven at trial, treble said actual damages, and an award of attorney's fees and costs.

## FOR A THIRD CAUSE OF ACTION

### (Violation of Attorney Preference Statute)

39. The above paragraphs of the complaint are realleged as if set out here in full.

40. Upon information and belief, the Defendants failed to properly ascertain the preference of the Plaintiff as to legal counsel employed to represent Plaintiff in all matters relating to the closing of the transaction as required by Section 37-10-102 of the South Carolina Consumer Protection Code.

41. Upon information and belief, the violation of the South Carolina Consumer Protection Code by Defendants entitles Plaintiff to not less than one thousand five hundred ($1,500.00) dollars and not more than seven thousand five hundred ($7,500.00) dollars per debtor, attorney fees, and if the Court determines unconscionable conduct, the amount of the loan, award of all finance charges, twice the interest paid on the mortgage, and forgiveness of all interest due on the mortgage pursuant to S.C. Code Section 37-10-105 (amendment enacted June 15, 1997).

## FOR A FOURTH CAUSE OF ACTION

### (Misrepresentation / Negligent Misrepresentation)

42. The allegations set forth hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with allegations contained hereinbelow.

43. Defendants made material misrepresentations of fact to Plaintiff as set forth above, including certain false representations concerning payments Plaintiff would receive upon closing, the advantages to Plaintiff of entering into a loan with Defendants.

44. Plaintiff relied upon the Defendants' using procedures which were consistent with reasonable commercial procedures.

45. Defendants concealed material facts from the Plaintiff, intentionally, and altered or made material misrepresentations in documents.

46. The Defendants had a pecuniary interest in making the false statements.

47. The Defendants owed a duty of care to see that the truthful information was communicated to the Plaintiff.

48. Defendants breached that duty by failing to exercise due care, and/or by intentionally misinforming the Plaintiff.

49. The Plaintiff justifiably relied on the misrepresentations of Defendants.

50. As a direct and proximate result of the reliance of the Plaintiff, the Plaintiff suffered a pecuniary loss.

## FOR A FIFTH CAUSE OF ACTION

### (Unjust Enrichment)

51. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with the allegations of this cause of action.

52. Plaintiff paid consideration to the Defendants in exchange for benefits promised by the Defendants.

53. The Defendants accepted, used and enjoyed these services or materials, and retained charges for services which, *inter alia*, the Defendants could not lawfully provide or perform.

54. Plaintiff had a reasonable expectation of benefiting from the transaction.

55. Defendants knew or should have known of the expectation of the Plaintiff.

56. Upon information and belief, judgment should be granted to Plaintiff against Defendants in such amount as will adequately repay Plaintiff

for the consideration provided to and enjoyed by Defendants, which judgment should include voiding the loan and the underlying mortgage.

## FOR A SIXTH CAUSE OF ACTION

### (Negligence)

57. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with the allegations of this cause of action.
58. The Defendants owed Plaintiff a duty to exercise due care, as well as a duty to act in a manner consistent with reasonable commercial procedures.
59. The Defendants breached the duty to Plaintiff in the above particulars, and in such other particulars as may be shown at trial, and specifically by violating state laws, which violations constitute negligence per se.
60. The breach of duty by Defendants was in conscious, reckless disregard of the rights of the Plaintiff.
61. As a direct and proximate result of the aforesaid negligent, careless, reckless, willful and wanton acts and omissions of the Defendants, judgment should be granted to Plaintiff for both actual and punitive damages.

## FOR A SEVENTH CAUSE OF ACTION

### (Unconscionability, Common Law Rescission)

62. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with the allegations of this cause of action.

63. Upon information and belief, the conduct of the Defendants was unconscionable as a matter of law and equity.
64. As a result thereof, Plaintiff requests that the court void the underlying transaction, note and mortgage, and order restitution of all sums paid by the Plaintiff to the Defendants in the refinance transaction and following said transaction.

## PRAYER FOR RELIEF

WHEREFORE, the prayer of the Plaintiff is for judgment in an amount sufficient to compensate her for actual damages, together with punitive damages, statutory damages, enhanced damages, interest as is allowable by law, attorney's fees, costs, the voiding, rescission or modification of the note and mortgage which are the subject of this transaction as equity requires, and such other relief as is just and proper.

TROTTER & MAXFIELD, ATTORNEYS

By: _____
Dave Maxfield, Esquire
1701 Richland Street
Columbia, South Carolina
(803) 799-6000

DATED: November 26, 2008

Columbia, South Carolina

12

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF LEXINGTON ) | Case No.: 2008-CP-320-4949 |
| ) | |
| Ernestine Brisco, ) | |
| ) | |
| Plaintiff, ) | **CERTIFCATE OF SERVICE** |
| ) | |
| vs. ) | |
| ) | |
| Countrywide Home Loans Inc., D/B/A) | |
| Countrywide Full Spectrum Lending ) | |
| And Land Options, Inc., ) | |
| Defendant, ) | |

I, the undersigned employee of Trotter & Maxfield, Attorneys at Law, do hereby swear and affirm that on the 1st day of December, 2008, I served the foregoing <u>Summons and Complaint</u> by mailing a copy of same certified mail, return receipt requested, to the following:

Party Served:     CT Corporation System
                  75 Beattie Place
                  Greenville, SC 29601

Document Served:  Summons and Complaint

                                            _____
                                            Eileen Spigner

DATED: December 1, 2008
Columbia, South Carolina



$005.83 PITNEY BOWES
0003834133 DEC 01 2008
MAILED FROM ZIP CODE 29201

CERTIFIED MAIL

7006 2150 0001 6924 1598

TROTTER & MAX
Attorneys at Law
1701 Richland Street
Columbia, South Carolina

VIA CERTIFIED MAIL
CT Corporation System
75 Beattie Place
Greenville, SC 29601